NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 26 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAILROAD BUSINESS PARK, LLC,

          Plaintiff - Appellant,

  v.

TRAVELERS CASUALTY INSURANCE
COMPANY,

          Defendant - Appellee.

No. 24-5384

D.C. No.
2:20-cv-02189-MCE-JDP

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted November 14, 2025
San Francisco, California

Before: FRIEDLAND and SUNG, Circuit Judges, and PITTS, District Judge.[**]

This appeal arises from an insurance claim Plaintiff Railroad Business Park

filed with Defendant Travelers Casualty Insurance Company, after rain leaked into

Plaintiff's building through the roof and caused interior water damage. Defendant

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable P. Casey Pitts, United States District Judge for the Northern District of California, sitting by designation.

initially issued payment of about $4,000 but then denied further coverage, and Plaintiff sued for breach of the implied covenant of good faith and fair dealing. "In order to establish a breach of the implied covenant of good faith and fair dealing under California law, a plaintiff must show: (1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause." *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001) (citing *Love v. Fire Ins. Exch.*, 271 Cal. Rptr. 246, 255 (Ct. App. 1990)). The parties agree that the interior damage would be covered under Plaintiff's policy if the building's roof leak was caused by an acute weather event (here, a windstorm), but not if caused by wear and tear. The district court granted summary judgment to Defendant because it determined that Plaintiff had failed to present sufficient evidence to establish a genuine dispute of material fact regarding causation and, therefore, Plaintiffs could not show that benefits were due under the policy. On appeal, Plaintiff concedes that Defendant presented admissible expert testimony opining that the roof leak was caused by wear and tear. Plaintiff contends that the district court erred by 1) excluding Plaintiff's expert testimony regarding causation, and 2) concluding that Plaintiffs' lay witness testimony was insufficient to create a genuine factual dispute. For the reasons below, we conclude that the district court did not err and affirm.

 1. "We review rulings on the admissibility of expert testimony under

2

Federal Rules of Evidence 702 for abuse of discretion." *Primiano v. Cook*, 598 F.3d 558, 563 (9th Cir. 2010). The district court did not abuse its discretion when it excluded Plaintiff's proposed expert testimony regarding causation because the expert failed to provide any information about the factual and methodological basis of his opinion. *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1055 (9th Cir. 2025) ("The district court did not abuse its discretion by granting [Defendant]'s motion to exclude" where the expert "inadequately explained his reasons" for reaching his conclusions.).

2. We agree with the district court that Plaintiff failed to introduce evidence sufficient to create a genuine dispute regarding causation. As a threshold matter, we agree with the district court that Plaintiff needed to introduce admissible expert testimony to create a genuine dispute regarding causation under the circumstances of this case.[1] It was well within the district court's discretion to conclude that the issue of causation, in this case, could not be determined through lay testimony. Plaintiff did not disclose Osborn and Gutierrez as expert witnesses, and consequently, they cannot offer opinion evidence based on their knowledge and experience as "building professionals." *See United States v. Holmes*, 129 F.4th

---

[1] The parties disagree about whether the district court's conclusion that expert testimony regarding causation was necessary should be reviewed de novo or for abuse of discretion. We do not need to resolve that dispute because, even assuming we review de novo, we affirm.

636, 649 (9th Cir. 2025) ("[I]f a witness offers an opinion that is based on specialized knowledge, experience, training, or education contemplated by Rule 702, a party cannot evade the Rule" and introduce the evidence as lay testimony "by labeling a witness 'percipient.'"). And, even assuming that Osborn and Gutierrez's percipient observations of the roof are relevant, those observations were far too limited to create a genuine dispute of material fact regarding causation.

Given Plaintiffs' lack of evidence that the hole in the roof was caused by wind, Plaintiffs' claim that Defendant unreasonably withheld benefits due under the policy in violation of the implied covenant of good faith and fair dealing necessarily failed.

**AFFIRMED**.